## FENSTEMACHER v. PENNSYLVANIA R. CO. et al.

(District Court, E. D. Pennsylvania. March, 1922.)

No. 2531.

1. **Equity ⬅327—Allegata and probata must be in accord.**

The doctrine that allegata and probata must be in accord applies to equity as well as to common-law trials, and averments of a bill as averred must be found to be in accord with the facts as disclosed by the evidence.

2. **Injunction ⬅129(1)—Motion to dismiss bill by employee under Transportation Act denied.**

A motion to dismiss a bill for an injunction under the Transportation Act (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.) in behalf of an organization of employees was denied, though the plaintiff did not aver a personal wrong to himself in common with others, the averments justifying inference that there were rival representatives, each claiming to act for the employees of the defendant carrier.

In Equity. Suit by C. H. Fenstemacher against the Pennsylvania Railroad Company and others. On motion to dismiss. Motion denied. See, also, 296 Fed. 213.

J. Washington Logue, of Philadelphia, Pa., for plaintiff.

John Hampton Barnes, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This motion is a challenge of the existence of a cause of action (1) in the plaintiff and (2) against the defendant, and incidentally, or at least in addition, urges (3) that the act of Congress cited as the Transportation Act (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.), providing for what is known as the Labor Board, is unconstitutional; (4) that the order of the board in question

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was made without authority; (5) that neither the board nor the courts have any jurisdiction of the subject-matter of the dispute set forth in the bill; and (6) that the courts are without legal power to enforce the orders of the board, even if otherwise valid. Every one must be at once impressed with the importance of the broad subject-matter involved in this dispute. Even its least important feature, the mere money element, is impressive.

An affidavit was submitted at the argument at bar that this dispute directly affected 30,000 employees, and the wage sum involved reached $175,000 per month. This means an addition of $2,100,000 to the net annual income of the employer, and, assuming its continuance, means further a sum capitalized, on what would be commonly accepted as a fair basis, of $42,250,000. We are thus given a glimpse of the magnitude of the money sum involved in anything which affects the whole transportation system to which this law applies. However figures such as those given and suggested may affect us, there are other aspects of the general question of much greater and more vital moment, one of which is the preservation of the full liberty and freedom of employee and employer to establish their own relations by agreement.

### The Motion to Dismiss.

The motion in this case was based almost wholly on the view of the law which prevailed in the trial court in the case of the principal of the present defendants as plaintiff against the Labor Board, tried in the United States District Court for the Northern District of Illinois, Eastern Division. 282 Fed. 693. Almost immediately following the argument before us, the decision of the Circuit Court of Appeals for the Seventh Circuit (282 Fed. 701), to which the decided cause had been appealed, was announced, and we were asked to withhold any ruling in the cause before us until a copy of the opinion of the Circuit Court of Appeals could be secured. This is now before us, and the agreed view is that it should be binding upon this court in disposing of the present motion so far as the ruling made is applicable. Counsel seem to be further in accord that the cited case disposes (subject to the appeal which has been taken to the Supreme Court) of all of the objections made to the bill in the instant case except the first.

### The Right of Suit.

The proposition advanced is that the plaintiff has no standing either as an individual or a representative to invoke the relief to which the prayers of the bill are directed, conceding (arguendo) the relief should otherwise be awarded. The argument (reversing the order of its statement) starts with the beginning that the bill cannot be sustained as a class bill under rule 38, because the plaintiff has not averred a personal wrong to himself in common with others, it then proceeds upon the doctrine of the Coronado Case, 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975 (October term, 1921, No. 31), that an unincorporated labor organization is suable, to the conclusion that (under the averments of the bill) the right of action, if any, is in the Brotherhood of Railway and Steamship Clerks, etc.

The defendant is sustained in its first position. We find in the bill no averment which confers upon the plaintiff as an individual the right to sue the defendant because of the subject-matter of the litigation before us. This, however (as the argument concedes), is not controlling. The bill may be maintained by a representative. This is because the Transportation Act recognizes organizations of employees, as well as the prescribed number of individual employees, to be the mouthpiece for all. It is not only a convenience so great as to make it a practical necessity to treat the employees as a body rather than as individuals, but also what may be termed the psychology and economics of the question is otherwise wholly changed. The sum of $175,000 per month is a substantial sum, but, translating it into terms of the average individual wage, assuming an eight-hour day and for ease of calculation, 175 hours a month, shows as the subject of expensive litigation a negligible sum per hour for each of the 30,000 employees. The practical necessity of treating the employees as a body while discussing wage reductions is thus emphasized. The recognition is at all events in the act, and extends not merely to the organization (whether of employers or employees), but also to the officers thereof.

The initiative is given to the "chief executive of any carriers and employees to confer by their respective representatives." The body of the bill, we think, makes it sufficiently clear that the complaining party is averred to be the organization or body which defendant asserts should be plaintiff. This is the averment in substance. To this alone equity looks, disregarding form. To one unfamiliar with organization terminology statements relating to them take on a seeming complexity and appear involved. The act of Congress, however, clearly contemplates that the law will deal with all disputes between interstate carriers and their employees without distinction between the organized and the unorganized, dealing with those who are organized through the organization, and with those who are unorganized through a designated number as representative of all. The thought is to get to those concerned, but, as this is practically impossible, to get to those who are fairly representative of them.

The averments of the bill are that there is an organization among those of the employees of the defendant carrier who are concerned with the subject-matter of the bill; the scheme or mode of organization is a "brotherhood," made up from among those of kindred employment in interstate commerce anywhere, and which is divided into "grand lodges," which in turn select representatives called "assistant chairmen," who constitute in themselves a subordinate body called the "system board of adjustment." This system board is the representative of those who are members of the brotherhood and specifically acts for such employees in the adjustment of all matters affecting their employment, and particularly acts for all members of the brotherhood who are employees of the defendant carrier, and is acting for them in the subject-matter of the present litigation.

[1, 2] There appears by the bill enough to justify the inference that there are rival representatives, each claiming to act for the employees of the defendant carrier. This suggests subjects of dispute which must'

be fought out on the field of trial, and not of pleading. The doctrine that allegata and probata must be in accord applies to equity, as well as to common-law, trials, and the averments of the bill as averred must of course be found to be in accord with the facts as disclosed by the evidence. With this, however, we have no concern at present. The equity rules contemplate that a plaintiff may raise the questions raised by this motion, either in that form or by way of answer. As we do not know as yet what the real facts are, and as they may, when they are made to appear, give a different complexion to the questions now presented, we, out of abundant caution, dispose of the motion before us by dismissing it, with leave to defendant to answer over, and to incorporate in its answer all matters otherwise disposed of by the ruling now made.

Motion to dismiss bill denied, with leave, etc., to defendant as set forth herein. An exception is allowed to defendant.